UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| Lonn Rider, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>- against -<br><br>Arlo Technologies, Inc.,<br><br>Defendant | 1:23-cv-00055<br><br>Class Action Complaint<br><br>Jury Trial Demanded |

Plaintiff alleges upon information and belief, except for allegations about Plaintiff, which are based on personal knowledge:

1. Arlo Technologies, Inc. ("Defendant") manufactures, markets, and sells home security cameras under the Arlo brand sold with "7 days FREE Cloud Recordings" (the "Product").



2. The promise of a cloud recording of security footage was common to all varieties of

Arlo cameras and a key differentiator in the market for such remote home security cameras.





3. The Arlo Basic Plan "[w]as included with every camera, for up to 5 cameras per account."

4. Arlo was aware that "Free Cloud Storage" was significant to prospective purchasers, stating, "Why commit to a long-term contract or pay expensive monthly subscription fees [?] Arlo

2

can save you hundreds of dollars a year."

5.  Arlo promised to "give [customers] access to motion- and audio-triggered recordings from the past 7 days for free. And the plan never expires!" and promised each purchaser that "[their] Arlo camera c[ame] with a rolling 7 days of cloud recording."



6.  However, Arlo decided to "tak[e] away security camera features [customers] paid for" by eliminating free seven day cloud storage.[1]

7.  While Arlo characterized this process as the "End of Life ('EOL') stage" for various cameras, based on its "commitment to delivering the highest performance in smart home security," the models for which cloud storage is being removed include those less than three years old.

8.  Most of the affected models are still operational and used by customers, such that no "EOL" is necessary for them.

9.  Unlike mobile phones which users typically replace after a few years, a remote

---

[1] Sean Hollister, Arlo is taking away security camera features you paid for, The Verge, Jan. 2, 2023.

security camera is not a disposable device, because it is physically installed in or on the user's home, and they expect it to remain there indefinitely, at least until it is not capable of functioning.

10. While owners of Arlo cameras can utilize local storage connected to the device, many users do not own the base unit that allows it, and for those who do, this feature was only designed to retrieve files by removing a USB drive and connecting it to a computer to view its contents.

11. Local storage means Arlo customers cannot view recordings remotely to see if a package was dropped off or to check whether their house is safe while away.

12. Arlo purchasers expected cloud storage was part of the deal when they purchased their higher-priced Arlo cameras and did not expect this to be revoked, certainly not at such an early time relative to their continued functionality.

13. As a result of the false and misleading representations, the Arlo cameras are sold at premium prices, beginning at $75, not including base stations and other accessories.

## Jurisdiction and Venue

14. Jurisdiction is based on the Class Action Fairness Act of 2005 ("CAFA"). 28 U.S.C. § 1332(d)(2).

15. The aggregate amount in controversy exceeds $5 million, including any statutory and punitive damages, exclusive of interest and costs.

16. Plaintiff is a citizen of Michigan.

17. Defendant is a citizen of California and Delaware.

18. The class of persons Plaintiff seeks to represent includes persons who are citizens of different states from which Defendant is a citizen.

19. The members of the class Plaintiff seeks to represent are more than 100, because the Products have been sold with the promise of free seven day cloud storage from thousands of stores

including big box stores, electronic stores, and online, in the States Plaintiff seeks to represent.

20. Venue is in this District with assignment to the Southern Division because a substantial part of the events or omissions giving rise to these claims occurred in Berrien County, including Plaintiff's purchase, reliance on the identified statements, and/or subsequent awareness they were false and misleading.

## Parties

21. Plaintiff Lonn Rider is a citizen of Saint Joseph, Berrien County, Michigan.

22. Defendant Arlo Technologies, Inc. is a Delaware corporation with a principal place of business in California.

23. Plaintiff purchased multiple Arlo cameras and base stations from stores including Amazon.com, for several years including in 2019, spending upwards of one thousand dollars.

24. Plaintiff and consumers decided to purchase the more expensive Arlo cameras over competitors because they offered unlimited, 7-day rolling cloud storage and online monitoring for each camera at no additional cost.

25. Plaintiff was informed that his fully functional Arlo devices will no longer receive the promised free cloud storage and firmware updates unless he subscribed to Arlo's monthly subscription service of $10 per month per camera.

26. The loss of the cloud storage feature makes the Arlo products significantly less functional to Plaintiff and consumers.

27. Plaintiff is like many consumers of technology products who has numerous subscriptions and valued that Arlo told him he would not need to buy another subscription to get the maximum use from his Arlo cameras.

28. Plaintiff read and relied upon the promises of cloud backup that "never expires" and

that the promises of seven day cloud recordings was not qualified by how long this would be allowed.

29. Plaintiff paid more for the Product than he would have had he known the representations and omissions were false and misleading, or would not have purchased it.

30. The value of the Product that Plaintiff purchased was materially less than its value as represented by Defendant.

31. Plaintiff intends to, seeks to, and will purchase Arlo Products again when he can do so with the assurance its promises about the duration of its services are consistent with its actions.

32. Plaintiff is unable to rely on the labeling of not only Arlo Products, but other technological devices promising a free subscription which was essential to their functionality, because he will be unsure of whether those representations are truthful.

33. If Defendant was compelled to honor its promises, Plaintiff would have more confidence in the promises of other companies offering free lifetime subscriptions for their technology products.

## Class Allegations

34. Plaintiff seeks certification under Fed. R. Civ. P. 23 of the following classes:

> **Michigan Class:** All persons in the State of Michigan who purchased the Product during the statutes of limitations for each cause of action alleged; and
>
> **Consumer Fraud Multi-State Class**: All persons in the States of South Dakota, Wyoming, Idaho, Alaska, Iowa, Mississippi, Arkansas, Kansas, Arizona, and Utah who purchased the Product during the statutes of limitations for each cause of action alleged.

35. Common questions of issues, law, and fact predominate and include whether Defendant's representations were and are misleading and if Plaintiff and class members are entitled

to damages.

36. Plaintiff's claims and basis for relief are typical to other members because all were subjected to the same unfair, misleading, and deceptive representations, omissions, and actions.

37. Plaintiff is an adequate representative because her interests do not conflict with other members.

38. No individual inquiry is necessary since the focus is only on Defendant's practices and the class is definable and ascertainable.

39. Individual actions would risk inconsistent results, be repetitive and are impractical to justify, as the claims are modest relative to the scope of the harm.

40. Plaintiff's counsel is competent and experienced in complex class action litigation and intends to protect class members' interests adequately and fairly.

41. Plaintiff seeks class-wide injunctive relief because the practices continue.

### Michigan Consumer Protection Act ("MCPA"), MCL § 445.901, *et seq.*

42. Plaintiff incorporates by reference all preceding paragraphs.

43. Plaintiff expected the Products would receive free cloud security access for at least until the end of their functional lifespan, and not while the devices still functioned without any issues.

44. Plaintiff would not have purchased the Products or paid as much if the true facts had been known, suffering damages.

### Violation of State Consumer Fraud Acts
### (Consumer Fraud Multi-State Class)

45. The Consumer Fraud Acts of the States in the Consumer Fraud Multi-State Class are similar to the consumer protection statute invoked by Plaintiff and prohibit the use of unfair or

deceptive business practices in the conduct of commerce.

46. The members of the Consumer Fraud Multi-State Class reserve their rights to assert their consumer protection claims under the Consumer Fraud Acts of the States they represent and/or the consumer protection statute invoked by Plaintiff.

47. Defendant intended that members of the Consumer Fraud Multi-State Class would rely upon its deceptive conduct, which they did, suffering damages.

Breaches of Express Warranty,
Implied Warranty of Merchantability/Fitness for a Particular Purpose
and Magnuson Moss Warranty Act, 15 U.S.C. §§ 2301, *et seq.*

48. The Product was manufactured, identified, marketed, and sold by Defendant and expressly and impliedly warranted to Plaintiff that it would receive free cloud security access for at least until the end of their functional lifespan, and not while the devices still functioned without any issues.

49. Defendant directly marketed the Product to Plaintiff through its advertisements and marketing, through various forms of media, on the packaging, in print circulars, direct mail, product descriptions, and targeted digital advertising.

50. Defendant knew the product attributes that potential customers like Plaintiff were seeking and developed its marketing and labeling to directly meet their needs and desires, which was the cloud access, to watch out for "porch pirates" who might pilfer packages from their doorsteps and to feel their homes were secure even if they were not there.

51. The representations about the Product were conveyed in writing and promised it would be defect-free, and Plaintiff understood this meant it would receive free cloud security access for at least until the end of their functional lifespan, and not while the devices still functioned without any issues.

52. Defendant's representations affirmed and promised that the Product would receive free cloud security access for at least until the end of their functional lifespan, and not while the devices still functioned without any issues.

53. Defendant described the Product so Plaintiff believed it would receive free cloud security access for at least until the end of their functional lifespan, and not while the devices still functioned without any issues, which became part of the basis of the bargain that it would conform to its affirmations and promises.

54. Defendant had a duty to disclose and/or provide non-deceptive promises, descriptions and marketing of the Product.

55. This duty is based on Defendant's outsized role in the market for security cameras, the industry-leading Arlo brand.

56. Plaintiff recently became aware of Defendant's breach of the Product's warranties.

57. Plaintiff provided or provides notice to Defendant, its agents, representatives, retailers, and their employees that it breached the Product's warranties.

58. Defendant received notice and should have been aware of these issues due to complaints by consumers and third-parties, including regulators and competitors, to its main offices and through online forums.

59. The Product did not conform to its affirmations of fact and promises due to Defendant's actions.

60. The Product was not merchantable because it was not fit to pass in the trade as advertised, not fit for the ordinary purpose for which it was intended and did not conform to the promises or affirmations of fact made on the packaging, container, or label, because it was marketed as if it would receive free cloud security access for at least until the end of their functional

lifespan, and not while the devices still functioned without any issues.

61. The Product was not merchantable because Defendant had reason to know the particular purpose for which they were bought by Plaintiff, because he expected that it would receive free cloud security access for at least until the end of their functional lifespan, and not while the devices still functioned without any issues, and he relied on its skill and judgment to select or furnish such a suitable product.

### Negligent Misrepresentation

62. Defendant had a duty to truthfully represent the Product, which it breached.

63. This duty was non-delegable, based on Defendant's position, holding itself out as having special knowledge and experience in this area, the custodian of the Arlo brand of home security cameras.

64. The representations and omissions went beyond the specific representations on the packaging, as they incorporated the extra-labeling promises and commitments to quality, transparency and putting customers first Arlo has been known for.

65. These promises were outside of the standard representations that other companies may make in a standard arms-length, retail context.

66. The representations took advantage of consumers' cognitive shortcuts made at the point-of-sale and their trust in Defendant.

67. Plaintiff reasonably and justifiably relied on these negligent misrepresentations and omissions, which served to induce and did induce, her purchase of the Product.

### Fraud

68. Defendant misrepresented and/or omitted the attributes and qualities of the Product, that it would receive free cloud security access for at least until the end of their functional lifespan,

and not while the devices still functioned without any issues.

## Unjust Enrichment

69.     Defendant obtained benefits and monies because the Product was not as represented and expected, to the detriment and impoverishment of Plaintiff and class members, who seek restitution and disgorgement of inequitably obtained profits.

## Jury Demand and Prayer for Relief

Plaintiff demands a jury trial on all issues.

**WHEREFORE**, Plaintiff prays for judgment:

1. Certifying Plaintiff as representative and the undersigned as counsel for the classes;
2. Entering preliminary and permanent injunctive relief by directing Defendant to correct the challenged practices to comply with the law;
3. Awarding monetary, statutory and/or punitive damages and interest;
4. Awarding costs and expenses, including reasonable attorney and expert fees; and
5. Other and further relief as the Court deems just and proper.

Dated:   January 12, 2023

Respectfully submitted,

/s/ Spencer Sheehan
Sheehan & Associates, P.C.
60 Cuttermill Rd Ste 412
Great Neck NY 11021
(516) 268-7080
spencer@spencersheehan.com